**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CARL BENIT COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 06-0961(PLF)** |
| | ) | |
| **v.** | ) | **ECF** |
| | ) | |
| **ALBERTO GONZALES, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Alberto Gonzales, Attorney General of the United States; Bruce Howie Hendricks, a former Assistant United States Attorney; V.O. Little, Special Agent of the Federal Bureau of Investigation; David Alan Espie, III, Special Agent of the Federal Bureau of Investigation; and J. Scott Youngblood, United States Probation Officer, through the undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiff's Complaint.

**I.    NATURE OF PLAINTIFF'S CLAIM**

On May 22, 2006, Plaintiff Carl Benit Cooper filed this pro se complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the named Defendants seeking monetary damages related to his conviction and imprisonment. In his complaint, Plaintiff contends that each of the Defendants were part of a conspiracy to violate his constitutional rights which resulted in his false arrest and conviction. Specifically, he alleges that Ms. Hendricks, a former Assistant United States Attorney, and FBI Special Agent Little conspired to indict Plaintiff on several counts related to a

series of armed ATM bank robberies and one count of bankruptcy fraud, which resulted in Plaintiff's conviction by a jury. (Compl. at 10-12, 18; Compl., Pre-Sentence Investigation Report ¶¶ 1-8, 10.) Plaintiff contends that Ms. Hendricks, in particular, violated his constitutional rights by appearing before a grand jury on two occasions and presenting false statements, as well as fraudulently concealing <u>Brady</u> material. (Compl. at 2-3.) As a result of her actions, Plaintiff contends that Ms. Hendricks committed malicious prosecution and engaged in prosecutorial misconduct.

As it pertains to Special Agent Little, Plaintiff contends that Agent Little presented a false report to a federal magistrate judge, which resulted in the issuance of an arrest warrant, and was used to falsely arrest Plaintiff without a fair investigation. (<u>Id.</u> at 3.) Plaintiff contends that Agent Little also submitted false reports to the Attorney General's Office in Washington, D.C., as well as to the United States Attorney's Office for the District of South Carolina, and further, Agent Little allegedly made false statements before the Grand Jury on January 11, 1995, and March 14, 1995, and concealed information concerning Plaintiff's bankruptcy. (<u>Id.</u> at 4.) For his part in the alleged conspiracy, Special Agent Espie allegedly violated Plaintiff's rights by perjuring himself during Plaintiff's jury trial. (<u>Id.</u> at 4.) Defendant Youngblood is alleged to have conspired with the other Defendants to violate Plaintiff's civil rights by including false information in Plaintiff's Pre-Sentence Report. (<u>Id.</u> at 5.) And Defendant Gonzales is named as a defendant based solely on his role as the head of the Department of Justice and his responsibility for federal law enforcement. (<u>Id.</u> at 2.)

Based on these assertions, Plaintiff alleges that the actions of the named Defendants have violated Plaintiff's constitutional rights, including his right to due process of law. (<u>Id.</u> at 12-24.)

Plaintiff contends that the "conspiracy" of which the Defendants were a part gives him a cause of action under Bivens, 403 U.S. 388 and 42 U.S.C. § 1983. (Id. at 23.) As relief, Plaintiff seeks $100 million dollars from the Department of Justice,[1] as Defendants' employer, to compensate Plaintiff for the alleged wrongs committed against him. (Id.) Plaintiff notes that this is his "second pro se Bivens Complaint under 42 U.S.C. § 1983 in the above-captioned case." (Id. at 5.) Plaintiff was released by the Federal Bureau of Prisons on September 20, 2005. (Compl. at 6.)

## II.    STANDARD OF REVIEW

The standard for deciding a motion to dismiss is well-established. For purposes of deciding whether Plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996). Despite this lenient standard, the complaint must still set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted. Id. A court must dismiss a complaint where, even assuming the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts. Id. (citing Gregg v. Barrett, 771 F.2d 539, 547 (D.C. Cir. 1985)).

In considering the Defendants' arguments for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), Plaintiff has the burden to establish that the Court has personal jurisdiction over the

---

[1] Although Plaintiff asserts in his complaint that he has filed a "Bivens Claim" (Compl. at 2), he also asserts that his "Bivens Complaint 'is not' in any way directed against private persons." (Id. at 6.) However, in light of the fact that Plaintiff seeks monetary damages, which are not otherwise recoverable from the government, F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (citations omitted), Defendants have interpreted Plaintiff's claims as a suit against them in their individual capacities.

individually named Defendants.  See Biton v. Palestinian Interim Self-Gov. Authority, 310 F.

Supp. 2d 172, 176 (D.D.C. 2004).  Dismissal pursuant to Fed. R. Civ. P. 12(b)(3) for improper

venue requires the Court to accept all well-pleaded factual allegations as true and draw all

reasonable inferences in Plaintiff's favor.  Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274,

276-77 (D.D.C. 2002).  However, the Court need not accept the Plaintiff's legal conclusions as

true.  Id. at 277 (citing 2215 Fifth St. Assocs. v. U Haul Int'l, Inc., 148 F. Supp. 2d 50, 54

(D.D.C. 2001)).

        Applying these standards, it is evident that Plaintiff's complaint should be dismissed for

several reasons.  First, Plaintiff has not asserted a viable cause of action under 42 U.S.C. § 1983.

Second, this action is barred by the doctrines of res judicata and collateral estoppel because

Plaintiff previously presented these claims to the Court and they were rejected.  Third, the statute

of limitations expired prior to Plaintiff's commencement of this action.  Fourth, this Court lacks

personal jurisdiction over the Defendants.  Fifth, Plaintiff has failed to effect proper service on

the Defendants.  Sixth, venue does not lie in this jurisdiction.  And finally, each of the

Defendants are shielded from Plaintiff's claims by absolute and/or qualified immunity.  For any

or all of these reasons, Plaintiff's complaint should be dismissed in its entirety.

**III.    ARGUMENT**

        **A.    PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER 42
               U.S.C. § 1983.**

        Plaintiff mistakenly claims that he has a cause of action pursuant to 42 U.S.C. section

1983 because that statute applies only to officials who violate an individual's civil rights under

color of any law "of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  As

the D.C. Circuit has recognized, "Section 1983 does not apply to federal officials acting under

color of federal law." <u>Settles v. U.S. Parole Comm'n</u>, 429 F.3d 1098, 1104 (D.C. Cir. 2005)

(citing <u>Williams v. United States</u>, 396 F.3d 412, 415-16 (D.C. Cir. 2005) (holding that an officer

in the United States Government Printing Office in the District of Columbia was not liable under

Section 1983 because he was not acting under color of District of Columbia law) (other citations

omitted).  In contrast, <u>Bivens</u>, 403 U.S. at 389, provides Plaintiff with the basis for a cause of

action against federal agents in their individual capacities if acting under color of federal

authority.  All the Defendants named in Plaintiff's complaint are federal officials (Compl. 1-5).

Thus, no cause of action exists under 42 U.S.C. § 1983, and for the purposes of this motion,

Defendants have construed Plaintiff's complaint as raising solely a <u>Bivens</u> claim.

### B.    PLAINTIFF'S ACTION IS BARRED BY <u>RES JUDICATA</u> AND COLLATERAL ESTOPPEL.

As Plaintiff's complaint readily admits, this is Plaintiff's "second <u>pro se</u> Bivens

Complaint under 42 U.S.C. § 1983 in the above captioned case."  (Compl. at 5).  Under the

doctrine of <u>res judicata</u>, or claim preclusion, Plaintiff cannot re-litigate a claim that a court has

already decided.  However, even if <u>res judicata</u> is unavailable in the instant case, in light of the

Court's prior ruling on his previous <u>Bivens</u> claim, Plaintiff is barred by the doctrine of collateral

estoppel from pursuing the instant claim.

### _____1.    <u>Res Judicata</u> Bars this Action.

Plaintiff's claim is barred by <u>res judicata</u> because Plaintiff has previously litigated his

<u>Bivens</u> claim, also as a <u>pro se</u> plaintiff, and the Court dismissed the claim with prejudice.

<u>Cooper v. Ashcroft</u>, Civil Action No. 02-2191 (RBW) (dismissed Nov. 6, 2002), <u>aff'd</u>, C.A. No.

02-5412 (D.C. Cir. Aug. 28, 2003).  In his prior complaint, Plaintiff named as defendants former

Attorney General John Ashcroft; Ms. Hendricks, and Special Agent Little.  (Defendant's Exhibit

("Ex.") 1 (Plaintiff's <u>pro se</u> complaint).)  Plaintiff alleged then, as he does now, that the

Defendants made false declarations before a grand jury, maliciously prosecuted him, and

committed prosecutorial misconduct.  (<u>Id.</u>)  At that time, Plaintiff sought $50 million dollars

from the Department of Justice for the alleged conspiracy to violate his civil rights.  (<u>Id.</u>)  On the

same day as it was filed, the district court dismissed Plaintiff's complaint with prejudice <u>sua</u>

<u>sponte</u> pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  The Court concluded that, based

upon Plaintiff's failure to allege that his "'conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of habeas

corpus[,]'" Plaintiff was unable to pursue his claim.  (<u>See</u> Ex. 2 (Memorandum Opinion and

Dismissal Order at 2) (citing <u>Heck</u>, 512 U.S. at 487).)  The district court's order was

subsequently affirmed by the United States Court of Appeals for the District of Columbia

Circuit.  (<u>See</u> Ex. 3.)

      The above facts reveal that Plaintiff's complaint in this action is barred by <u>res judicata</u>.

<u>Res judicata</u>, or claim preclusion, holds that "a judgment on the merits in a prior suit bars a

second suit involving the same parties or their privies based on the same cause of action."

<u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n.5 (1979).  The doctrine of <u>res judicata</u> is

designed "[t]o preclude parties from contesting matters that they have had a full and fair

opportunity to litigate . . . ."  <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979) (internal

quotation marks omitted).  Four factors must exist in order for <u>res judicata</u> to bar an action: (1)

there must be an identity of parties in both suits; (2) a judgment rendered by a court of competent

jurisdiction; (3) a final judgment on the merits; and (4) identity of the cause of action in both

suits.  See American Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 29 (D.D.C. 2001) (citing

Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 96 (D.D.C. 1998)); McCreary v. Potter, 273 F. Supp.

2d 106, 113 (D.D.C. 2003).  Each of these factors is present in the instant case, and thus

Plaintiff's claim should be barred.

      **a.**      **The parties to both claims are identical or in privity.**

      Despite the fact that Plaintiff has added to his list of Defendants in the complaint filed

before this Court, res judicata still bars his claims.  The doctrine of res judicata establishes an

"'absolute bar to a subsequent action upon the same claim between the same parties or those in

privity with them.'"  Athridge v. Iglesias, 382 F. Supp. 2d 42, 47 (D.D.C. 2005) (quoting

Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd., 331 F.2d 76, 82 (D.C. Cir.

1963)).  To be considered "in privity" with a party in a former action, a party must be

"adequately represented by a party to the original action."  American Forest Res. Council, 172 F.

Supp. 2d at 31.  Officers of the United States government are in privity with each other "so that a

judgment in a suit between a party and a representative of the United States is res judicata in

relitigation of the same issue between that party and another officer of the government."

Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (citation omitted); see

also Mervin v. FTC, 591 F.2d 821, 830 (D.C. Cir. 1971) (prior case against the Civil Service

Commission barred a subsequent case against the Federal Trade Commission under res judicata

principles).

      Plaintiff's prior Bivens claim named Ms. Hendricks, Special Agent Little, and John

Ashcroft, the Attorney General at the time the complaint was filed.  (Ex. 1.)  Ms. Hendricks and

Special Agent Little are again named in Plaintiff's current complaint, as is current Attorney

General Gonzales.  That Plaintiff has now added Special Agent Espie and Probation Officer Youngblood as defendants to his current claim does not exempt the claim from res judicata because all of these individuals are representatives of the United States.  Their interests were represented in Plaintiff's prior Bivens claim, and therefore they are in privity with the defendants to that action.  Thus, as a result, Plaintiff's current complaint names all of the prior defendants to his previous Bivens claim and two individuals who are in privity with those he previously named.

### b.    The court that rendered the prior judgment was of competent jurisdiction.

The United States District Court for the District of Columbia had jurisdiction over Plaintiff's prior Bivens action pursuant to 28 U.S.C. §§ 1331, 1346, and 1361.  Therefore, this element of res judicata is met.

### c.    The prior judgment was final and on the merits.

The Court's dismissal of Plaintiff's prior claim qualifies as a final judgment on the merits.  Moreover, a dismissal with prejudice imposes, on its face, a res judicata effect.  See, e.g., Ciralsky v. CIA, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Such a dismissal [with prejudice] . . . would have imposed the bar of res judicata against any future filing") (citations omitted); Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata").  The Court dismissed Plaintiff's previous Bivens claim with prejudice based on Plaintiff's failure to state a claim for which relief could be granted.  (See Ex. 2.)  Plaintiff appealed and the appellate court affirmed the district court's dismissal.  (See Ex. 3.)  Thus, the Court's dismissal with prejudice of Plaintiff's prior claim was final and on the merits.

8

> **d.    Plaintiff's suits share the same identity of cause of action.**

Both Plaintiff's prior and present claims originate from the identical cause of action and thus the fourth element of res judicata is satisfied.  For two cases to have an identity of cause of action, they must share the same "nucleus of facts."  Velikonja v. Ashcroft, 355 F. Supp. 2d 197, 200-01 (D.D.C. 2005) (citing Apotex, Inc. v. FDA, 393 F.3d 210, 217-18 (D.C. Cir. 2004)), aff'd in part, rev'd on other grounds in part, 2006 WL 2946379 (D.C. Cir. Oct. 17, 2006).  In conducting its inquiry into this element, the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage." Id. (citations omitted).

Plaintiff's current Bivens claim arises from the same set of facts as his prior Bivens claim.  In his previously filed complaint, Plaintiff alleged a "conspiracy" by Department of Justice officials related to his "illegal conviction on September 22, 1995."  (Ex. 1, at 1.)  Plaintiff alleged that Ms. Hendricks maliciously and falsely prosecuted him and that Special Agent Little filed a false complaint, falsely arrested Plaintiff, and submitted false reports to the U.S. Attorney General's Office in Washington D.C. and the U.S. Attorney's Office for the District of South Carolina.  (Id. at 10.)  Former Attorney General Ashcroft was named as a defendant based upon his responsibility for "directing all the affairs and activities" of the Justice Department.  (Id.) Plaintiff's current claim arises from the same fact pattern (i.e., his arrest and conviction) from which his prior claim arose.  (See Compl. 1-24.)  Plaintiff again implicates Ms. Hendricks and Special Agent Little in a "conspiracy" alleging that "Hendricks acted in further of the conspiracy when she . . . did knowingly, willfully, fraudulently and deliberately [made] false material

statements while under <u>oath</u> before the Grand Jury." (<u>Id.</u> at 2-3.)  Plaintiff also alleges that "[Special] Agent Little violated Mr. Cooper's constitutional rights when he conspired with others by <u>maliciously</u> appearing before [the magistrate judge] . . . for the <u>issuance of an arrest warrant</u> on him with a false report." (<u>Id.</u> at 3.)  Again, Plaintiff alleges that both Ms. Hendricks and Special Agent Little conspired to conceal information, which presumably Plaintiff believes would have been helpful to his case, related to his bankruptcy. (<u>Id.</u> at 2-4.)  In this complaint, however, Plaintiff supplements his charges against the original defendants with new allegations of perjury against Special Agent Espie and fraud against Mr. Youngblood. (<u>Id.</u> at 4-5.)

Despite the addition of new allegations, it is apparent that both Plaintiff's prior and current claims pertain to his criminal indictment, prosecution, and conviction and thus were part of the same alleged conspiracy to deprive Plaintiff of his civil and constitutional rights.  Plaintiff himself even concedes in his complaint that this is his second <u>Bivens</u> action filed in the above-captioned case. (<u>Id.</u> at 5.)  Clearly Plaintiff's two complaints share the same "nucleus of facts," <u>Velikonja</u>, 355 F. Supp. 2d at 200-01, which, in this case, relate to the Defendants allegedly conspiring with one another against Plaintiff.

For these reasons, Defendants contend that Plaintiff's complaint is barred by the doctrine of <u>res judicata.</u>

**2.    Plaintiff's Action is Barred by Collateral Estoppel.**

In addition to the <u>res judicata</u> bar on Plaintiff's current <u>Bivens</u> claim, the doctrine of collateral estoppel, or issue preclusion, also prohibits Plaintiff from re-litigating his claims raised in his prior <u>Bivens</u> complaint.  The application of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy

10

from continued litigation of an issue that previously has been considered by a competent

tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979) (citation omitted).  The

application of this doctrine thereby serves to relieve parties of the burdens of attending to

multiple lawsuits, conserves judicial resources, provides finality in the resolution of disputes,

and minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions.  See,

e.g., United States v. Mendoza, 464 U.S. 154, 158 (1984); Cutler v. Hayes, 549 F. Supp. 1341,

1343 (D.C. Cir. 1982).  "When an issue of fact or law is actually litigated and determined by a

valid and final judgment, and the determination is essential to the judgment, the determination is

conclusive in a subsequent action between the parties, whether on the same or a different claim."

Restatement (Second) of Judgments, § 27 (1981); see also Consolidated Edison Co. of N.Y.,

Inc., v. Bodman, 449 F.3d 1254, 1258, 1260 (D.C. Cir. 2006) (holding that the plaintiff's

previous complaint already addressed the issue posed in the latter case); Fogg v. Ashcroft, 254

F.3d 103, 111 (D.C. Cir. 2001) (remanding equitable claims to the district court to consider the

application of issue preclusion).

     The Court has already held that Plaintiff's Bivens claim is not viable because he has not

had his conviction or confinement invalidated in a separate proceeding, and a favorable

judgment in his Bivens action would necessarily invalidate his conviction.  In Heck, the Supreme

Court held that in order for a plaintiff to recover damages from an "allegedly unconstitutional

conviction or imprisonment . . . [the] plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. at 486-87.  The Supreme Court further held

that a claim for damages "that has <u>not</u> been so invalidated is not cognizable under [section] 1983." <u>Id.</u> at 487. Accordingly, the Court should dismiss a plaintiff's section 1983 cause of action in the event that the claim, if successful, would invalidate the plaintiff's conviction or sentence. <u>Id.</u> at 487, 489. The District of Columbia Circuit, in applying these principles, has concluded that <u>Heck</u>'s holding applies equally to claims against federal officers in <u>Bivens</u> actions. <u>See</u> <u>Williams v. Hill</u>, 74 F.3d 1339, 1340 (D.C. Cir. 1996). Thus, the "bodies of law relating to the two forms of litigation [42 U.S.C. § 1983 and <u>Bivens</u>] have been assimilated in most . . . respects." <u>Doe v. District of Columbia</u>, 697 F.2d 1115, 1123 (D.C. Cir. 1983).

In its prior form, Plaintiff's complaint alleged that he did not seek to challenge his criminal conviction or sentence through his <u>Bivens</u> claim. (Ex. 1, at 1.) In dismissing his claim, this Court held that "a judgment for Plaintiff in this case would necessarily mean that his conviction was invalid." (Ex. 2, at 2.) Citing the approved methods of challenging or overturning a conviction, the Court made clear that Plaintiff had not alleged that he had satisfied any of the conditions precedent to maintaining "a suit for damages based on an allegedly unconstitutional conviction." (<u>Id.</u>) The District of Columbia Circuit affirmed the Court's dismissal of Plaintiff's complaint on this basis. Accordingly, the Court previously determined that Plaintiff could not proceed with his <u>Bivens</u> action without first having his conviction or confinement invalidated in a separate proceeding, and that issue is settled for purposes of future litigation.

In light of the Court's prior ruling that Plaintiff could not proceed with his claim based on <u>Heck v. Humphrey</u> and its progeny, the doctrine of collateral estoppel precludes Plaintiff from re-litigating that issue in a subsequent forum. In his complaint, while never asserting that he has

satisfied the prerequisites of <u>Heck</u>, Plaintiff contends that because he has since been released

from the Federal Bureau of Prisons, he "should not be barred from filing this Bivens Action . . .

." (Compl. at 6.) But Plaintiff has failed to provide any legal support for his assertion that he

can now re-litigate his <u>Bivens</u> claim because he is no longer incarcerated. To the contrary, the

majority in <u>Heck</u> held that "the principal barring collateral attacks . . . is not rendered

inapplicable by the fortuity that a convicted criminal is no longer incarcerated." 512 U.S. at 490

n.10; <u>see also</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 19-20 (1998) ("[the majority in <u>Heck</u>]

acknowledged the possibility that even a released prisoner might not be permitted to bring a

[section] 1983 action implying the invalidity of a conviction or confinement without first

satisfying the favorable-termination requirement) (concurrence).

In the instant case, Plaintiff is attempting to re-litigate an issue that this Court has already

ruled upon, i.e., whether <u>Heck</u> prohibits him from proceeding with his <u>Bivens</u> claim. The Court

has previously answered this question in the affirmative, dismissing Plaintiff's prior <u>Bivens</u>

claim with prejudice. (Ex. 2.) Although Plaintiff was released from prison in September 2005

(Compl. at 6), Plaintiff's release should do nothing to change the fact that he did not satisfy any

of <u>Heck's</u> prerequisites for filing his <u>Bivens</u> claim. Thus, because the Court has already ruled on

the issue of whether <u>Heck</u> prohibits Plaintiff's <u>Bivens</u> claim, collateral estoppel prevents Plaintiff

from re-litigating that same issue.

**C.    THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S
        <u>BIVENS</u> CLAIM HAS EXPIRED.**

Even if Plaintiff's <u>Bivens</u> claim was not barred by the doctrines of <u>res judicata</u> and

collateral estoppel, it is nonetheless barred by the applicable three-year statute of limitations.

Although there is no specific statute of limitations applicable to <u>Bivens</u> claims, in absence of a

13

specific limitations period "a federal court must look to the limitations period applicable to the most nearly analogous state cause of action." Hobson v. Wilson, 737 F.2d 1, 32 (D.C. Cir. 1984); see also Lederman v. United States, 131 F. Supp. 2d 46, 62 (D.D.C. 2001). The District of Columbia does not specify a statute of limitations for Bivens actions, but the statute of limitations for an action "for which a limitations is not otherwise specifically prescribed" is three years. D.C. Code § 12-301 (2001). Thus, the statute of limitations for a Bivens claim in the District of Columbia is no more than three years from the time the right to maintain the action accrues. Lederman, 131 F. Supp. 2d at 62; see also Hobson, 737 F.2d at 32 (holding that a three year statute of limitations applies to Bivens actions).

In light of the fact that Plaintiff had three years to pursue his claim, the Court must determine when the limitations period for Plaintiff's claim began to accrue. In the District of Columbia, "[a] claim usually accrues for statute of limitations purposes when injury occurs, but in cases where the relationship between the fact of injury and the alleged tortious conduct [is] obscure, this Court determines when the claim accrues through application of the discovery rule . . . ." Doe v. Medlantic Health Care Group, Inc., 814 A.2d 939, 945 (D.C. 2003) (internal quotations and citations omitted). Under the discovery rule, a cause of action accrues when "one must know or by the exercise of reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing." Bussineau v. President & Directors of Georgetown College, 518 A.2d 423, 435 (D.C. 1986).

In the instant case, Plaintiff argues that he is filing his current Bivens claims within the applicable statute of limitations because the Federal Bureau of Prisons released him on September 20, 2005. (Compl. at 6.). However, in applying the District of Columbia's discovery

rule, Plaintiff clearly should have known of his alleged injury, its cause in fact, and evidence of wrongdoing no later than November 6, 2002, the date he filed his nearly-identical <u>Bivens</u> action. (Ex. 2.)  Plaintiff did not file this current <u>Bivens</u> claim until May 22, 2006.  Accordingly, he has failed to timely file within the three year statute of limitations applicable to <u>Bivens</u> actions and his claim should be dismissed.

### D.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ATTORNEY GENERAL GONZALEZ.

Plaintiff has failed to state a claim against Attorney General Gonzales because the Attorney General has had no personal or professional involvement in this matter.  Plaintiff's sole allegations pertaining to Attorney General Gonzalez are that Mr. Gonzalez is the head of the Department of Justice and "is responsible for federal law enforcement and related programs and services."  (Compl. at 2.).  These allegations are insufficient to support Plaintiff's <u>Bivens</u> claim against the Attorney General.

The law is settled that there is no <u>respondeat</u> <u>superior</u> liability for senior officials in a <u>Bivens</u> action.  <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 369 (D.C. Cir. 1997) ("<u>Bivens</u> claims cannot rest merely on respondeat superior.") (citations omitted); <u>Risley v. Hawk</u>, 108 F.3d 1396, (D.C. Cir. 1997) ("[R]espondeat <u>superior</u> . . . is not cognizable in a <u>Bivens</u> action."). <u>See also</u> <u>Boykin v. District of Columbia</u>, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); <u>Tarpley v. Greene</u>, 684 F.2d 1, 9-11 (D.C. Cir. 1982).  Having alleged neither personal involvement or individual responsibility on the part of Attorney General Gonzales, Plaintiff has failed to meet his burden of stating a proper claim against the Attorney General and accordingly, the claim against the Attorney General should be dismissed.  <u>See</u> <u>Moore v. Motz</u>, 437 F. Supp. 2d 88, 93 (D.D.C. 2006) (dismissing claim against the North Carolina Attorney General for failure to state

a claim where the complaint made only "generalized allegations of 'judicial racism'" and

described "no conduct by the Attorney General beyond [the] former Attorney General['s] . . .

'pledging his support and prayer' for plaintiff.").

### E.    THE COURT LACKS PERSONAL JURISDICTION OVER THE OUT- OF STATE- DEFENDANTS.

In addition to the aforementioned deficiencies with Plaintiff's complaint, dismissal is

appropriate because the Court lacks personal jurisdiction over the out-of-state Defendants.  In

filing his Bivens claim, Plaintiff is suing the Defendants in their individual, rather than official,

capacities.  Bivens, 403 U.S. at 395.  Therefore, in order to review Plaintiff's claim, the Court

must have personal jurisdiction over the individual Defendants.  Robertson v. Merola, 895 F.

Supp. 1, 3 (D.D.C. 1995); see also Islamic Am. Relief Agency v. Unidentified FBI Agents, 394

F. Supp. 2d 34, 56 (D.D.C. 2005) (holding that the court could not assert personal jurisdiction

over an Internal Revenue Service Agent simply because the Treasury Department that employed

him was located in the District of Columbia) (internal quotations and citations omitted).  Plaintiff

has the burden of establishing personal jurisdiction exists over each defendant.  Islamic Am.

Relief Agency, 394 F. Supp. 2d at 56 (citing Crane v. New York Zoological Soc., 894 F.2d 454,

456 (D.C. Cir. 1990)).

 For defendants who do not reside within or maintain a principal place of business in the

District of Columbia, the District's long-arm statute is the only basis for obtaining personal

jurisdiction.  Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984).  The relevant

portion of the long-arm statute provides that a court may exercise personal jurisdiction with

respect to claims arising from tortious injuries that occur in the District of Columbia.  D.C. Code

§ 13-423(a) (2001).  Moreover, under the District of Columbia's long-arm statute, the plaintiff

has the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over a defendant.  See First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988) (holding that the plaintiff failed to present evidence to substantiate its claim that the defendant transacted business in the District of Columbia).

Plaintiff here has not presented any evidence that a tortious injury occurred in the District of Columbia.  Plaintiff's alleged injury, i.e., the alleged violation of his civil and constitutional rights, did not occur in the District of Columbia because the out-of-state Defendants' investigation and the resulting indictment that led to Plaintiff's trial and conviction, all took place in South Carolina.  (Compl. at 8-22.)  Plaintiff's incarceration took place outside the District of Columbia.  (Id.)  And all of the named Defendants, with the exception of Attorney General Gonzales, were located in South Carolina during the time frame relating to the alleged conspiracy against Plaintiff.  Specifically, at the time of Plaintiff's indictment, trial and conviction, Ms. Hendricks was an Assistant United States Attorney in the United States Attorney's Office for the District of South Carolina.  (Compl., Pre-Sentence Report at 1.) Special Agents Little and Espie both worked out of the FBI's Charleston, South Carolina field office.  (Compl. at 9, 18.)  And Probation Officer Youngblood also worked in Charleston. (Compl., Ex. 1.)  Thus, Plaintiff has clearly not met his burden of demonstrating that the Court has personal jurisdiction over any of the named Defendants and therefore Plaintiff's complaint should be dismissed.

### F.      PLAINTIFF HAS FAILED TO EFFECT PROPER SERVICE.

To the extent that Plaintiff's claims are against the Defendants in their individual

capacities, this Court again lacks personal jurisdiction over the individual Defendants because Plaintiff has failed to effect service of process.  It is well-established that in an action against a federal employee in his/her individual capacity, the plaintiff must serve the individually sued defendant with process in accordance with the rules applicable to individual defendants. Simpkins, 108 F.3d at 369 (holding that defendants in Bivens actions must be served individually); Navy, Marshall & Gordon v. U.S. Int'l Dev.-Cooperation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983) (holding that federal agents sued individually for money damages must be served personally in order for the court to have personal jurisdiction over them).  The Federal Rules of Civil Procedure require that a copy of the summons and complaint be personally delivered to the defendant (or his appointed agent), or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Fed. R. Civ. P. 4(e); see also Simpkins, 108 F.3d at 369 (holding that defendants in a Bivens action must be served pursuant to Rule 4(e)).  If a plaintiff fails to effectuate service within 120 days of the filing of the claim, the court is required to dismiss the plaintiff's action.  Fed. R. Civ. P. 4(m).

On September 5, 2006, Plaintiff filed a letter with the Court detailing his unsuccessful efforts at serving Special Agents Little and Espie.  (Court Dckt entry #4.)  To the extent Defendants Hendricks, Gonzalez and Youngblood have been served, service occurred by delivering a copy of the summons and complaint to their places of employment, not their "dwelling house or usual place of abode."  Fed. R. Civ. P. 4(e).  Significantly, Plaintiff's complaint indicates service occurred at the individual defendants' workplaces, including the Main Justice Building in Washington, D.C., and the FBI field office in Charleston, South Carolina.  Because Plaintiff has failed to properly serve the Defendants at their dwelling places

or usual places of abode, the Court must dismiss his <u>Bivens</u> claim pursuant to Fed. R. Civ.

12(b)(5).[2]

### G.    VENUE IS NOT PROPER IN THIS DISTRICT.

Plaintiff has brought his <u>Bivens</u> claim in the improper venue, and, as a result, the Court

should dismiss the claim.  The Court "must examine challenges to personal jurisdiction and

venue carefully to guard against the danger that a plaintiff might manufacture venue in the

District of Columbia." <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 256-57 (D.C. Cir. 1993).

Although 28 U.S.C. § 1391(e)(3) provides a basis for venue in the District of Columbia for civil

suits against federal officers in their official capacities, it does not provide a venue for claims

against federal officers in their individual capacities.  <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d

874, 878 (D.C. Cir. 1993) (citing <u>Stafford v. Briggs</u>, 444 U.S. 527, 544 (1980)).  The relevant

venue statute sets forth the criteria for bringing a civil suit based on a federal cause of action in

the proper venue:

> (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or
> a substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant may be found, if there
> is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Based on this plain language, the District of Columbia is clearly not the proper venue for

Plaintiff's <u>Bivens</u> claim.  Although one defendant, Attorney General Gonzalez, is located in the

District of Columbia, all of the remaining defendants reside in South Carolina.  Furthermore,

---

[2]Notably, the 120 period during which Plaintiff could repair his service defect has elapsed.

Plaintiff has not alleged any specific acts or omissions on the part of the Attorney General; rather, all of the events or omissions that Plaintiff details in his complaint occurred in South Carolina, not the District of Columbia. (Compl. at 2, 8-22.) Despite Attorney General Gonzalez's presence in the District of Columbia, it is apparent that the "substantial part of the events or omissions giving rise to the claim occurred" in the District of South Carolina. Thus venue is improper in the District of Columbia, and the Court must dismiss Plaintiff's <u>Bivens</u> claim pursuant to Fed. R. Civ. P. 12(b)(3).

## H.    DEFENDANTS ARE ENTITLED TO ABSOLUTE AND/OR QUALIFIED IMMUNITY.

In the event that the Court concludes that dismissal is not warranted on one of the numerous grounds discussed above, all of the named Defendants are shielded from Plaintiff's <u>Bivens</u> claim by virtue of absolute and/or qualified immunity. In applying qualified immunity, the Court must, in the light most favorable to Plaintiff, first determine whether Plaintiff's allegations demonstrate the violation of a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001) (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)). If Plaintiff successfully demonstrates the violation of a constitutional right, the Court must then determine "whether a right [was] clearly established." <u>Saucier</u>, 533 U.S. at 202 (quoting <u>Wilson v. Layne</u>, 526 U.S. 603, 615 (1999)). In <u>Saucier</u>, for example, the Supreme Court held that a military police officer was entitled to qualified immunity from the plaintiff's <u>Bivens</u> action, which alleged that the officer had used excessive force, because it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Saucier</u>, 533 U.S. at 202 (citing <u>Wilson</u>, 526 U.S. at 615).

    1.       **Defendants Gonzalez and Hendricks Enjoy Absolute and/or Qualified Immunity.**

Attorney General Gonzalez is entitled to absolute and/or qualified immunity from Plaintiff's Bivens claim. The Supreme Court has held that "federal executive officials exercising discretion" enjoy qualified immunity "subject to those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business." Butz v. Economou, 438 U.S. 478, 479 (1978). See also Chambers v. Gesell, 120 F.R.D. 1, 2-3 (D.D.C. 1988) (dismissing with prejudice plaintiff's claims against a defendant judge for failure to state a claim based on the judicial immunity of the judge). In this case, Attorney General Gonzalez is entitled to absolute immunity from Plaintiff's Bivens claim because such immunity is essential for the conduct of his duties as chief law enforcement official. See Blakely v. United States, 276 F.3d 853, 871 (6th Cir. 2002) (holding that Attorney General's and prosecutor's decision to initiate proceedings is protected from Bivens claims by the doctrine of absolute prosecutorial immunity).

Likewise, Ms. Hendricks is entitled to the absolute immunity afforded to federal prosecutors. The Supreme Court has long recognized an absolute immunity for prosecutors from personal liability for actions related to the performance of their public duties. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Later, in Imbler v. Pachtman, 424 U.S. 409, 420 (1976), the Supreme Court held that this absolute immunity barred constitutional tort claims. A prosecutor's absolute immunity extends to any activities that are "intimately associated with the judicial phase of the criminal process." Id. at 430. The Supreme Court reinforced this concept in Burns v. Reed, 500 U.S. 478 (1991), in which it held that a prosecutor is entitled to absolute immunity for participating in a probable cause hearing that led to the issuance of a search

warrant. Absolute immunity has also been held to apply to: presenting evidence before a grand

jury, <u>Morrison v. Baton Rouge</u>, 761 F.2d 242, 247-48 (5th Cir. 1985); obtaining criminal

complaints and warrants based on false or coerced statements, <u>Joseph v. Patterson</u>, 795 F.2d 549,

555 (6th Cir. 1986); destruction and falsification of evidence, <u>Heidelberg v. Hammer</u>, 577 F.2d

429, 432 (7th Cir. 1978); solicitation and subordination of perjured testimony, <u>Taylor v.

Kavanagh</u>, 640 F.2d 450, 452 (2d Cir. 1981); introduction of illegally seized evidence, <u>id.</u> at 452;

and misconduct in the plea arrangement process, <u>Myers v. Morris</u>, 810 F.2d 1437, 1446 (8th Cir.

1987). The D.C. Circuit has concluded that absolute immunity bars, <u>inter</u> <u>alia</u>, claims that

prosecutors failed to present exculpatory evidence to the grand jury and presented false

testimony. <u>Gray v. Bell</u>, 712 F.2d 490, 494, 502 (D.C. Cir. 1983). Furthermore, absolute

immunity has been held to shield federal prosecutors from liability for allegedly manipulating

evidence before the grand jury, as well as for allegedly withholding, after indictment, material

evidence that is exculpatory. <u>Moore v. Valder</u>, 65 F.3d 189, 192-94 (D.C. Cir. 1995).

     Even if the Court determines that Defendants Gonzalez and Hendricks are not entitled to

absolute immunity, they are nevertheless entitled to qualified immunity. <u>Burns</u>, 111 S. Ct. at

1939. In <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), the Supreme Court held that federal officers

are "shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

<u>Id.</u> at 818 (citations omitted). <u>See also</u> <u>Maye v. Reno</u>, 231 F. Supp. 2d 332, 335-36 (D.D.C.

2002) (holding that Assistant United States Attorneys were entitled to qualified immunity where

"they were not performing an advocacy function in connection with specific criminal

prosecutions."). The relevant inquiry is whether the alleged actions of the named defendants

violated any clearly established law or were objectively reasonable. <u>See</u> <u>Saucier</u>, 533 U.S. at 202; <u>Anderson v. Creighton</u>, 483 U.S. 635, 637 (1987). As the Supreme Court explained, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Briggs v. Malley</u>, 475 U.S. 335, 341 (1986).

Applying the two-part test enunciated by the Supreme Court in <u>Saucier</u>, Plaintiff's allegations fail to demonstrate the violation of any constitutional rights. Specifically, his allegations do not show with appropriate specificity that the rights which the defendants allegedly violated were clearly established. <u>Saucier</u>, 533 U.S. at 201-02. Despite Plaintiff's blanket assertions that Ms. Hendricks violated his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights, Plaintiff's allegations against her primarily concern a "conspiracy" and contend that Ms. Hendricks "knowingly, willfully and fraudulently presented false material statements" to the Grand Jury. (Compl. at 2, 12.) Plaintiff further alleges that Ms. Hendricks fraudulently concealed exculpatory evidence from the Grand Jury and thereby "committed malicious prosecution and prosecutorial misconduct." (<u>Id.</u> at 3.) However, Plaintiff fails to establish how any of Ms. Hendricks actions violated his constitutional rights; rather, Plaintiff's allegations against Ms. Hendricks are purely conclusory and lack any factual support. <u>See, e.g.</u>, <u>Maye</u>, 231 F. Supp. 2d at 339 (affording federal prosecutors qualified immunity where "plaintiff's complaint against them [did] not sufficiently allege a violation of any constitutional right.").

### 2.    Defendants Little, Espie and Youngblood Are Shielded by Qualified Immunity.

Special Agents Little and Espie, and Mr. Youngblood, all of whom were "federal executive officials exercising discretion," Butz, 438 U.S. at 479, are entitled to qualified immunity from Plaintiff's Bivens claims.  Federal agents who "[perform] discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Wilson, 526 U.S. at 609 (quoting Harlow, 457 U.S. at 818); see, e.g., Anderson, 483 U.S. at 638 (holding that an FBI agent is entitled to qualified immunity); Saucier, 533 U.S. at 208 (holding that a military police officer's use of force was not excessive and that he was entitled to qualified immunity); District of Columbia v. Evans, 644 A.2d 1008, 1015 n.6 (D.C. 1994) (holding that "qualified immunity is a valid defense for actions based on police officers' excessive use of force under Bivens") (citations omitted).

In the present case, the Court must afford qualified immunity to Special Agents Little and Espie and Mr. Youngblood because Plaintiff has not demonstrated that these defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Wilson, 526 U.S. at 609.  For example, despite Plaintiff's allegation that Special Agent Little lacked probable cause, Plaintiff's allegations refer to statements that Special Agent Little allegedly made to the Grand Jury, and do not relate to any search of the Plaintiff or his property. (Compl. at 16; see also U.S. Const. Amend. IV.)  Plaintiff also alleges that Special Agent Espie committed perjury and that Mr. Youngblood knowingly included false information in Plaintiff's Pre-Sentence Investigation Report.  (Compl. at 18-22.)  However, Plaintiff has once again failed to provide sufficient factual specificity concerning how these actions resulted in constitutional

violations being committed against him.  See <u>Daul v. Meckus</u>, 897 F. Supp. 606, 612 (D.D.C.

1995) (dismissing plaintiff's <u>Bivens</u> claim against government officials where plaintiff alleged

"without proof that each of the[ ] defendants exceeded the scope of his authority . . . These

conclusory allegations fail to show that any defendant violated any clearly established

constitutional or statutory right.").  The Supreme Court has previously recognized that FBI

Agents and other federal officers enjoy qualified immunity.  <u>Anderson</u>, 483 U.S. at 638.

Plaintiff's <u>Bivens</u> complaint does nothing to overcome the qualified immunity that Special

Agents Little and Espie and Mr. Youngblood are legitimately entitled to receive.  Therefore,

Defendants Little, Espie and Youngblood are entitled to qualified immunity against Plaintiff's

<u>Bivens</u> claim and Plaintiff's claim against them must be dismissed.

## IV.    CONCLUSION

For the aforementioned reasons, the Court should dismiss Plaintiff's complaint in its

entirety against each of the Defendants.  A proposed Order is attached.

Respectfully submitted,


____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212

Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of October, 2006, a copy of the foregoing Motion to

Dismiss Plaintiff's Complaint, and the Memorandum of Law in Support Thereof, was served by

mail, first class and postage pre-paid, on the following:

        Carl Benit Cooper, <u>pro se</u>
        107 Little Joes Lane
        Ponderosa MHP
        Barco, NC 27917-9526

          /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        555 4th St., N.W.  Room E4212
        Washington, D.C. 20530
        202-514-7139

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARL BENIT COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 06-0961(PLF)** |
| | ) | |
| **v.** | ) | **ECF** |
| | ) | |
| **ALBERTO GONZALES, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

## ORDER

UPON CONSIDERATION of Defendants' Motion to Dismiss, the opposition thereto, if any, and good cause having been shown, it is this _____ day of _____, 2006,

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint is hereby GRANTED. It is further

ORDERED that Plaintiff's complaint is dismissed in its entirety with prejudice.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Carl Benit Cooper, pro se
107 Little Joes Lane
Ponderosa, MHP
Barco, NC 27917

Michelle N. Johnson
Assistant U. S. Attorney
555 4th St., N. W., Room E4212
Washington, D.C. 20530