# EXHIBIT 2

**FILED**

NOV - 6 2002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BENIT COOPER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ASHCROFT, *et al.*,<br><br>Defendants. | Civil Action No.  02 2191 |

### MEMORANDUM OPINION AND DISMISSAL ORDER

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, this court is required to screen and dismiss a complaint filed by a prisoner such as Plaintiff if, *inter alia*, the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A (a),(b)(1). The application will be granted but the complaint will be dismissed for the following reasons.

Plaintiff seeks damages from the Attorney General, an Assistant United States Attorney, and a Special Agent of the Federal Bureau of Investigation for alleged conspiracy to violate his civil rights. The claim is that the defendants presented false statements to a grand jury and maliciously obtained a superseding indictment, which ultimately led to his "*illegal* conviction . . . and sentence." Complaint, at 1 (emphasis in original). Plaintiff points to various statements in the recently-obtained presentence investigation and grand jury transcript which he contends are different from testimony that was adduced at his trial. Plaintiff is now serving the sentence imposed as a result of the prosecution he now challenges.

Although Plaintiff states that he is not challenging his criminal conviction and sentence,[1] a judgment for Plaintiff in this case would necessarily mean that his conviction was invalid. A prisoner cannot recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not allege that he has satisfied any of these conditions[2] and therefore he has not satisfied the prerequisites for a suit for damages based on an allegedly unconstitutional conviction.

Because the complaint fails to state a claim upon which relief can be granted, it must be dismissed. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Accordingly, it is by the Court this 23rd day of October, 2002,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

This is a final appealable order. See Fed. R. App. P. 4(a).

_____
United States District Judge

---

[1] As part of the relief sought, however, Plaintiff asks the Court to "expunge his (alleged) criminal history reference: United States v. Cooper, Criminal No. 2:95-206 . . . ."

[2] He does allege that he has filed with the Court of Appeals for the Fourth Circuit a second Motion for Relief from Judgment/Modification of Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, relating to a bankruptcy matter involved in one count of his criminal case.