**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED
JAN - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **CARL BENIT COOPER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No: 06-0961(PLF) |
| ) | |
| **ALBERTO GONZALES, et al.** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE OR**

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**COMES NOW**, the Plaintiff, **Carl Benit Cooper** (Plaintiff), appearing **Pro-se**, hereby moves this Court in good faith, and in the interest of justice and for good and equitable cause shown, do respectfully oppose the 'Defendants' Motion to Dismiss Plaintiff's Complaint' entered and filed December 13, 2006 in the above-captioned case pursuant to Rule 12(b)(2) thru (b)(6) of the Federal Rules of Civil Procedure.

Michelle N. Johnson, D.C. Bar # 491910, AUSA, Attorney for the Defendants' Motion to Dismiss was argued and is opposed for these reasons:

(A) **First**, Plaintiff has not asserted a viable cause of action under 42 U.S.C. § 1983.

(B) **Second**, this action is barred by the doctrines of <u>res judicata</u> and collateral estoppel because Plaintiff previously presented these claims to the Court and they were rejected.

(C) **Third**, the statute of limitations expired prior to Plaintiff's commencement of this action.

**(D) Fourth,** this Court lacks personal jurisdiction over the Defendants.

**(E) Fifth,** Plaintiff has failed to effect proper service on the Defendants.

**(F) Sixth,** venue does not lie in this jurisdiction.

**(G) And final,** each of the Defendants are shielded from Plaintiff's claims by absolute and/or qualified immunity. It is for any or all of these reasons, the attorney for the Defendants argued that Plaintiff's complaint should be dismissed in its entirety. (Id. at 4)

## ARGUMENTS / OPPOSITIONS

Plaintiff opposed Defendants' Motion to dismiss his complaint. In support thereof, Plaintiff states the following:

At the heart of his lawsuit is the assertion that had the Defendants' not conspired to interfere with his constitutional rights, including his rights to due process of law. Clearly, the jury would not have found him guilty of a crime that he did not commit, and he would not have been kidnapped and sentencing to serve 138 months of false imprisonment. And now, the attorney for the Defendants would have this Court to believe that the Defendants did not violate the Plaintiff's constitutional rights, including his rights to due process of law. On the contrary, the record taking as a whole is overwhelming with a substantial showing of evidence that the Plaintiff's basic and superior rights were violated in every way (Compl. passim). Clearly, Plaintiff has demonstrated how his trial was *racially motivated* and race was indeed a factor because the defendants conspired to interfere with his equal protection (Compl. at 6& 7). The High Court held that equal protection component of the Fifth Amendment's Due Process Clause forbids the government [the defendants] from deciding to prosecute based on a persons' race. **See, United States v.**

<u>Armstrong,</u> **517 U.S. 456, 465 (1996)** Plaintiff's complaint also shows two of the defendants did deliberately making material false statements before a grand jury while under oath (Compl. at 12 thru 16) thus, committing perjury under 18 USC § 1001 and § 1623(a) <u>see, **Kyle v. Whitley,**</u> -- U.S. -- **(1995)**. Least but not last, Plaintiff's complaint further shows two of the defendants deliberately concealed evidence that was favorable to his case that the defendants had a duty to disclose (Compl. at 16). In <u>**Brady v. Maryland,**</u> **373 U.S. 83, 87 (1963)** the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. There facts and authorities along should be reasons enough to have the Defendants motion to dismiss be dismissed in its entirety.

### A. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.

Under 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff's claim filed May 22, 2005 Case No.: 06-0961(PLF) was indeed a *Bivens* claim against federal officials. *See,* <u>**Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotices,**</u> **403 U.S. 388 (1971)** *See, e.g.,* <u>**Berry v. Funk,**</u> **146 F.3d 1003, 1013 (D.C. Cir. 1998)** (noting that plaintiffs can bring *Bivens* action against federal officials and section 1983 action against state officials). Clearly, Plaintiff has asserted a viable cause of action under a *Bivens* claim because this action is against federal officials

[the Defendants] in their official capacities *not* in their individual capacities. Thus, Defendants motion to dismiss Plaintiff's Complaint must be dismissed because Plaintiff's Complaint is clearly a Bivens Complaint.

### B. PLAINTIFF'S ACTION IS BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL.

Unlike plaintiff's first pro se Bivens Complaint filed November 6, 2002 **Cooper v. Ashcroft,** C.A. No: 02-2191 (RBW) (dismissed October 23, 2002), **aff'd,** C.A. No: 02-5412 (D.C. Cir. October 22, 2003). In the instant case, Plaintiff has added two different defendants, Defendants Espie and Youndblood. In **Triplett v. Lowell, 297 U.S. 638,** the court had held that a determination of patent invalidity in a prior action did not bar a plaintiff [439 U.S. 322, 328] from relitigating the validity of a patent in a subsequently action against a different defendant. Moreover, also in this case, Plaintiff requested to be tried by a jury trial. The Seventh Amendment provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of common law."

In **Dairy Queens, Inc. v. Wood, 369 U.S. 469,** and **Meeker v. Ambassador Oil Corp., 375 U.S. 160,** the court held that legal claims should ordinarily be tried before equitable claims to preserve the right to a jury trial. Thus, Plaintiff's claim should not be barred by the doctrine of res judicata *or* the doctrine of collateral estoppel in light of **Heck v. Humphery**. Because, unlike Heck, Plaintiff is not seeking damages under 1983 as a state prisoner rather, Plaintiff seeks the tort of abuse of process and that of malicious prosecution. *See,* **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** Thus, the Defendants motion to dismiss Plaintiff's

4

Bivens action must be dismissed

### C. THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S BIVENS CLAIM HAS EXPIRED.

The record clearly shows that plaintiff recent Bivens Claim filed May 22, 2205 was timely filed, his first Bivens claim was filed November 6, 2002 **Cooper v. Ashcroft, C.A. No: 02-2191 (RBW)** (dismissed October 23, 2002), aff'd, C.A. No.: 02-5412 (D.C. Cir. October 22, 2003). The statute of limitations for a Bivens claim in the District of Columbia is no more than three years from the time the right to maintain the action accrues. *See,* **Lederman v. United States, 131 F. Supp. 2d 46, 62 (D.D.C. 2001).** Thus, from the date of the District of Columbia Courts of Appeal *mandate* dated October 22, 2003 on his previous Bivens claim until the filing of his recent Bivens claim on May 22, 2005 is clearly within the three year statute of limitations period.

### D. THE COURT LACKS PERSONAL JURISDICTION OVER THE OUT-OF STATE DEFENDANTS.

This court does lack personal jurisdiction over the out-of-state Defendants. The record in the instant case is clear. Plaintiff is suing the Defendants in their official capacities in this Bivens action, rather that in their individual capacities. Plaintiff's investigation and the resulting [false] indictments that led to his trial and conviction including his false incarceration, all took place in South Carolina by federal officials working in their official capacities. Plaintiff claims the Defendants had no probable cause for his arrest. However, because of the Defendants misconduct in their official capacities [malicious prosecution]. His civil and constitutional rights including his due process rights were

5

violated wherein, sentencing him to 138 months of false imprisonment. These injuries inflicted by [the Defendants] federal officials acting under color of law. *See,* **Bivens v. Six Unknown Named Agents of Bureau of Narcotics, 403 U.S. 388 (1971)** *see also,* **Stafford v. Briggs, 444 U.S. 527, 544 (1980)** Thus, Plaintiff has clearly met his burden of demonstrating that this Court has jurisdiction over all of the named Defendants in their official capacities and therefore his claim should not be dismissed.

### E. PLAINTIFF HAS FAILED TO AFFECT PROPER SERVICE.

The record will show that through due diligence, Plaintiff made several attempts to have the Summons and Complaints serve to both Agents V.O. Little and David Alan Espie III, pursuant to Rule 4 the Federal Rules of Civil Procedure but to no avail. Plaintiff has not failed to effectuate service within 120 days of the filing of his claim. However, after Plaintiff had made three attempts to have the Summons and Complaints served to both Agents Little and Espie on June 27, 2006; August 6, 2006, and final on August 10, 2006, and with a dead line on or about November 22, 2006. On August 31, 2006, Plaintiff contacted the Clerk's Office for the United States District Court for the District of Columbia in Washington, D.C. for assistance; On August 31, 2006, base on Plaintiff's conversation with the Clerk's Office, Plaintiff was instructed by the Clerk's Office to prepare a letter and submit the letter along with copies of the Summons on both Agents Little and Espie to the Clerk's Office as soon as possible. On September 5, 2006, that letter along with the Summons on both Agents Little and Espie were received by the Clerk's Office. Clearly, Plaintiff's Bivens claim should not be dismissed because the 120 days period during which Plaintiff could repair his service defect had not elapsed. On or about November 22, 2006 would have been Plaintiff's dead line. *Citing* no authority just

6

fasts. Thus, the Defendants motion to dismiss Plaintiff's Complaint must be dismissed.

### F. VENUE IS NOT PROPER IN THIS DISTRICT.

This argument of the Defendants is the same as in "argument number four". Venue does lie in this Court jurisdiction. Plaintiff's Bivens complaint against the Defendants is for civil suits against federal officials in their official capacities and not in their individual capacities. *See*, **Camerson v. Thornburgh,** 983 F.2d 253, 256-57 (D.D. Cir. 1993); **Moore v Agency for Int'l Dev.,** 994 F.2d 874, 878 (D.C. Cir. 1993) Moreover, this Court entertained Plaintiff's first pro se Bivens Complaint filed November 6, 2002. At that particular time venue was proper in this Court. Thus, venue is proper in the District of Columbia, and the Court must dismiss the Defendants motion to dismiss Plaintiff's Bivens Complaint.

### G. DEFENDANTS ARE ENTITLED TO ABSOLUTE AND/OR QUALIFIED IMMUNITY.

Plaintiff has successfully demonstrated the violation of constitutional rights (passim) his complaint. Moreover, he has indeed established how all of the named Defendants actions violated his constitutional rights including the violation of his due process rights with the sufficient of factual supported evidence. In **Anderson v. Creighton,** 483 U.S. 635 (1987), this Court explained that a right is "clearly established" when its "contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id., at 640. The record is clear the Defendants understood that what they were doing violated plaintiff's constitutional rights. Thus, the Defendants are not entitled to absolute immunity. Likewise, the Defendants are not entitled to qualified

immunity because they knowingly violated the law. *See*, <u>Briggs v. Malley</u>, 475 U.S. 335, 341 (1986) as the Supreme Court explained, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Thus, the Court must dismiss the Defendants motion to dismiss Plaintiff' Bivens Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court dismiss the Defendants Motion to dismiss Plaintiff's lawsuit, and that the Court deems Plaintiff's lawsuit granted to proceed.

Respectfully submitted,

12-27-06
Date

Mr. Carl Benit Cooper

## CERTIFICATE OF SERVICE

I, **Carl Benit Cooper,** hereby certify that a true copy of this Memorandum has been placed in an envelope on 12-27-06, with first-class postage prepaid, and mailed to:

**Michelle N. Johnson, D.C. Bar #491910**
Assistant United States Attorney
555 4th Street, N.W., Room E4212
Washington, D.C. 20530

Mr. Carl Benit Cooper
107 Little Joes Lane
Barco, N.C. 27917-9526
Tel. (252) 453-4983

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL BENIT COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Civil Action No: 06-0961(PLF) |
| | ) |
| ALBERTO GONZALES, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE OR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**COMES NOW,** the Plaintiff, **Carl Benit Cooper** (Plaintiff), appearing **Pro-se,** hereby moves this Court in good faith, and in the interest of justice and for good and equitable cause shown, do respectfully oppose the 'Defendants' Motion to Dismiss Plaintiff's Complaint' entered and filed December 13, 2006 in the above-captioned case pursuant to Rule 12(b)(2) thru (b)(6) of the Federal Rules of Civil Procedure.

Michelle N. Johnson, D.C. Bar # 491910, AUSA, Attorney for the Defendants' Motion to Dismiss was argued and is opposed for these reasons:

**(A) First,** Plaintiff has not asserted a viable cause of action under 42 U.S.C. § 1983.

**(B) Second,** this action is barred by the doctrines of res judicata and collateral estoppel because Plaintiff previously presented these claims to the Court and they were rejected.

**(C) Third,** the statute of limitations expired prior to Plaintiff's commencement of this action.