IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARL BENIT COOPER,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06-0961(PLF) |
| v. | ) ) ) | |
| **ALBERTO GONZALES, et al.** | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR RECONSIDERATION

Defendants, Alberto Gonzales, Attorney General of the United States; Bruce Howie Hendricks, a former Assistant United States Attorney; V.O. Little, Special Agent of the Federal Bureau of Investigation; David Alan Espie, III, Special Agent of the Federal Bureau of Investigation; and J. Scott Youngblood, United States Probation Officer, through the undersigned counsel, respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Reconsideration.

Plaintiff's sole basis for seeking reconsideration of this Court's Order granting Defendants' motion to dismiss on January 5, 2007, [Docket Entry No. 9] is that Plaintiff timely filed an opposition to Defendants' motion to dismiss and thus dismissal was not warranted.[1]

---

[1] In actuality, Plaintiff failed to timely oppose Defendants' motion to dismiss. Defendants' motion for dismissal was filed on October 27, 2006. Plaintiff did not file a response within the time permitted by this Court's local rules. See LCvR 7(b) (providing that party may file an opposition to a motion within eleven days); see also Fed. R. Civ. P. 6(e). On December 13, 2006, the Court issued an Order to Plaintiff requiring Plaintiff to respond to Defendants' motion to dismiss within 14 calendar days. [Docket Entry No. 8]. Plaintiff's memorandum in opposition to Defendants' motion for dismissal was docketed by the clerk of the Court as having been received on January 3, 2007 (although it was entered on the docket sheet on January 10,

However, Plaintiff's motion for reconsideration is not timely and therefore he is not entitled to relief. Even if the Court were to construe Plaintiff's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), it is apparent that Plaintiff does not satisfy any of the requirements under that rule necessary for the Court to grant his motion. In any event, even if the Court were to consider Plaintiff's arguments in response to Defendants' motion to dismiss, dismissal would still be warranted.

## ARGUMENT

**I.    PLAINTIFF HAS FAILED TO TIMELY FILE HIS MOTION FOR RELIEF PURSUANT TO RULE 59(e).**

The Court's Order granting Defendants' motion to dismiss was entered on January 5, 2007. However, Plaintiff did not file his motion for reconsideration until January 23, 2007, more than ten days after the Court's Order.[2] It is well-established that "[a] party must file a Rule 59(e) motion within ten days after entry of judgment." Badru v. United States, 215 F.R.D. 8, 10 (D.D.C. 2003) (citing Fed. R. Civ. P. 59(e)). In addition, "[t]his Court cannot extend the time for filing Rule 59(e) motions, even if a party does not receive notice of an order." Id. (citations omitted). Because Plaintiff's Rule 59(e) motion was not filed within ten days of the Court's

---

2007). [Docket Entry No. 10]. Plaintiff contends that he deposited his response in the mail on December 27, 2006, in accordance with the Court's order. Plaintiff's Motion for Reconsideration ("Pl.'s Mot.") at 1. However, it is worth noting that the Court would have been within its authority to have granted Defendants' motion to dismiss as conceded based on Plaintiff's failure to timely respond. LCvR 7(b).

[2]The envelope Defendants received containing Plaintiff's Motion for Reconsideration is postmarked January 23, 2007. Thus, it was not deposited in the mail within ten days of the Court's Order, which would have been January 22, 2007 (excluding weekends and holidays pursuant to Fed. R. Civ. P. 6(a)). Defendants received Plaintiff's pleading on January 31, 2007. Plaintiff's pleading was docketed as having been received by the Court on January 26, 2007. [Docket Entry No. 11].

entry of judgment, his motion may not be considered under that rule. Id. (dismissing pro se Rule 59(e) motion that was received more than ten days after the entry of judgment).[3]

## II.   PLAINTIFF IS NOT ENTITLED TO RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b).

Despite its untimeliness under Rule 59(e), the Plaintiff's pro se motion can be construed as seeking relief pursuant to Rule 60(b). See Uberoi v. E.E.O.C., 271 F. Supp. 2d 1, 2 (D.D.C. 2002) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.") (quoting Computer Prof'ls for Soc. Responsibility v. United States Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996)).

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment or order for one or more of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The standard for granting a motion pursuant to one of the grounds enumerated in Rule 60(b) is "higher" than the standard used to decide Rule 59(e) motions. Uberoi, 271 F. Supp. 2d at 2-3.

---

[3] Plaintiff relies on Houston v. Lack, 487 U.S. 266 (1988) for the proposition that his opposition to Defendants' motion was timely because it was mailed on the date that the Court specified it was due. However, the Court's holding in Houston related to a notice of appeal, which the Court held was deemed filed once the incarcerated pro se prisoner had delivered the notice to the prison authorities. 487 U.S. at 276. Plaintiff represents in his complaint that he is no longer incarcerated, Compl. at 6, thus it is not apparent how this ruling applies to him. In addition, the passage quoted by Plaintiff is derived from Rule 28.2 of the Supreme Court's rules, not the rules of this Court. Houston, 487 U.S. at 279.

Examining Plaintiff's motion, it is apparent that he has not submitted a proper Rule 60(b) motion.[4] First, Plaintiff does not allege any facts supporting a finding of mistake, inadvertence, surprise, or exclusable neglect. The District of Columbia Circuit Court has held that "[r]elief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors." Hall v. C.I.A., 437 F.3d 94, 99 (D.C. Cir. 2006) (citations omitted). Plaintiff does not point to any substantive errors by the district court. Rather, Plaintiff merely states that he did file a timely response to Defendants' motion to dismiss and assumes that the Court did not consider this opposition in rendering its Order dismissing Plaintiff's complaint. However, even considering Plaintiff's response to Defendants' motion to dismiss, it is apparent that dismissal was warranted (see infra). For this reason, Plaintiff has not demonstrated how the Court made a mistake of law in dismissing Plaintiff's complaint and thus this argument does not warrant relief under Rule 60(b)(1).

Nor has Plaintiff submitted any "new evidence" to the Court. Fed. R. Civ. P. 60(b)(2). Rather, the only evidence that Plaintiff has submitted is his concern that the Court did not consider Plaintiff's opposition to Defendant's motion to dismiss. However, to the extent that Plaintiff attempts to rebut the arguments submitted by Defendant, he has failed to do so with his conclusory allegations. Thus, his opposition to Defendants' motion would not have altered the Court's conclusion. And, it is for this reason that relief pursuant to Rue 60(b)(6) is also not warranted.

---

[4] It is readily apparent that Rules 60(b)(3), (4) and (5) have no applicability to this case.

### III. EVEN IF THE COURT WERE TO CONSIDER PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DISMISSAL IS STILL WARRANTED.

Plaintiff's motion for reconsideration is based on the premise that, if the Court were to consider Plaintiff's opposition to Defendants' motion to dismiss, then dismissal would not be warranted. This is simply not the case. Plaintiff's opposition does nothing to alter the conclusion that his complaint must be dismissed; rather, it compels it.

In their motion to dismiss, Defendants proffered eight separate grounds upon which the Court could base dismissal of Plaintiff's complaint. Plaintiff is unable to refute any of these grounds.[5]

First, Defendants contended that Plaintiff had not stated a proper cause of action pursuant to 42 U.S.C. § 1983 because that statute does not provide a cause of action against federal officials acting under federal law. Settles v. United States Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Thus, Defendants construed Plaintiff as raising only a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his opposition, Plaintiff agrees that he is filing only a Bivens claim against the federal officials. Plaintiff's Memorandum in Support of Response or Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n") at 3-4. Thus, he has conceded Defendants' argument that he did not assert a cognizable claim under 42 U.S.C. § 1983.

Second, Defendants argued that Plaintiff's claims were barred by res judicata and collateral estoppel because Plaintiff's Bivens claim had been previously litigated in Cooper v.

---

[5]Notably, Plaintiff does not contest Defendants' argument that he has failed to state a claim against Attorney General Gonzales and thus this argument may be deemed conceded. See LCvR 7(b).

Ashcroft, Civil Action No. 02-2191 (RBW) (dismissed Nov. 6, 2002), aff'd, C.A. No. 02-5412 (D.C. Cir. Aug. 28, 2003).  Plaintiff's prior lawsuit was dismissed because the court concluded that Heck v. Humphrey, 512 U.S. 477, 487  (1994) 512 U.S. at 487) barred his claim.  See Ex. 2 (Memorandum Opinion and Dismissal Order at 2.[6]  Plaintiff appears to argue that his current Bivens claim is proper because he has "added two different defendants . . . ."  Pl.'s Opp'n at 4.  However, as Defendants previously argued, Plaintiff's addition of Special Agent Espie and Probation Officer Youngblood as defendants to his current claim does not exempt the claim from res judicata because all of these individuals are representatives of the United States.  Officers of the United States government are in privity with each other "so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."  Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (citation omitted).  Plaintiff also contends that res judicata and/or collateral estoppel should not bar his claims "[b]ecause unlike Heck, Plaintiff is not seeking damages under 1983 as a state prisoner rather, Plaintiff seeks the tort of abuse of process and that of malicious prosecution."  Pl.'s Opp'n at 4.  However, the District of Columbia Circuit has concluded that Heck's holding applies equally to claims against federal officers in Bivens actions.  See Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996).   In addition, Plaintiff does not, because he cannot, contend that he has satisfied any of Heck's prerequisites that would have enabled him to file his Bivens claim.  Thus, dismissal of his complaint is warranted.

Third, Defendants argued that Plaintiff's Bivens claim, assuming it could be considered,

---

[6]References to exhibits are to the exhibits Defendants previously submitted in support of their motion to dismiss.

would be barred by the three year statute of limitations applicable to such claims. Lederman v. United States, 131 F. Supp. 2d 46, 62 (D.D.C. 2001). Plaintiff contends that the time for filing his claim began to accrue on October 22, 2003, the date of the District of Columbia Circuit Court's mandate.[7] However, while that may be the date that the dismissal of Plaintiff's prior action was affirmed, it is not the date that he knew of his alleged injuries. Under the discovery rule, a cause of action accrues when "one must know or by the exercise of reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing." Bussineau v. President & Directors of Georgetown College, 518 A.2d 423, 435 (D.C. 1986). It is clear that Plaintiff knew of his alleged injury, its cause in fact, and evidence of wrongdoing no later than November 6, 2002, the date he filed his nearly-identical Bivens action. (Ex. 2.) Plaintiff did not file this current Bivens claim until May 22, 2006. Clearly, this time is not within the three year limitations period.

Fourth, Plaintiff contends that this Court has personal jurisdiction over the out-of-state Defendants because Plaintiff is suing these defendants "in their official capacities in this Bivens action, rather tha[n] in their individual capacities." Pl.'s Opp'n at 5. However, Bivens, 403 U.S. at 389, only provides Plaintiff with the basis for a cause of action against federal agents in their individual capacities if acting under color of federal authority. Thus, Plaintiff cannot rely on his argument that he is suing the Defendants in their official capacities, and, since he has provided no other argument in support of personal jurisdiction, Defendants' arguments must be deemed conceded. See LCvR 7(b).

---

[7] In his complaint, Plaintiff contended that his cause of action accrued at the time he was released from prison on September 20, 2005. Compl. at 6.

7

Fifth, Plaintiff failed to effect proper service. Plaintiff contends that he made diligent attempts at personally serving the Defendants. However, it is clear that more than 120 days has passed since the filing of the Complaint on May 22, 2006, and Plaintiff has not yet effected proper service on the individual defendants. Plaintiff appears to contend that his letter to the Court in which he stated that service had not been effected served to cure his failure to properly personally serve the individually named Defendants. Yet, Plaintiff never filed a motion in which he requested additional time in which to effect service. Rather, he proceeded to let the 120 days elapse without having served the individually named Defendants personally, as he was required to do. Navy, Marshall & Gordon v. United States Int'l Dev.–Cooperation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983) (holding that federal agents sued individually for money damages must be served personally in order for the court to have personal jurisdiction over them). Thus, dismissal on this basis was warranted as well.

Sixth, Defendants argued that venue did not lie in this district because the acts Plaintiff complains of did not occur here. Plaintiff's only argument for venue in this district is his claim that he is pursuing a Bivens claim against the defendants in their official, and not their individual, capacities. However, pursuant to 28 U.S.C. § 1391(b), the venue provision applicable to Plaintiff's Bivens claim, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As previously noted, Defendant Gonzales is not a proper party in this action, and the remaining Defendants reside in South Carolina, which is also where the events

giving rise to Plaintiff's claims took place. Accordingly, venue is not proper in this district.

Finally, Plaintiff's arguments do nothing to negate Defendants' entitlement to absolute and/or qualified immunity. Plaintiff contends that the Defendants violated his "clearly established" constitutional rights and thus they are not entitled to absolute or qualified immunity. Pl.'s Opp'n at 7. Clearly, Defendant Gonzales is entitled to absolute immunity as Plaintiff does not even allege his personal involvement in the facts giving rise to Plaintiff's claims. See Blakely v. United States, 276 F.3d 853, 871 (6th Cir. 2002). Furthermore, it is well-established that prosecutors, such as Defendant Hendricks was at the time of the events giving rise to Plaintiff's complaint, are entitled to absolute immunity from Plaintiff's claims. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Imbler v. Pachtman, 424 U.S. 409, 420 (1976).

Plaintiff's conclusory allegations contained in his opposition do not refute the remaining Defendants' entitlement to qualified immunity. Notably, Plaintiff does not in his opposition identify the specific constitutional rights he felt the Defendants violated. Thus, his conclusory allegations that his "clearly established" constitutional rights were violated do not warrant this Court vacating its dismissal Order. See Daul v. Meckus, 897 F. Supp. 606, 612 (D.D.C. 1995) (dismissing plaintiff's Bivens claim against government officials where plaintiff alleged "without proof that each of the[ ] defendants exceeded the scope of his authority . . . These conclusory allegations fail to show that any defendant violated any clearly established constitutional or statutory right.").

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion

9

for Reconsideration be denied.

                                      Respectfully submitted,

                                          /s/ Jeffrey A. Taylor
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                          /s/ Rudolph Contreras
                                    RUDOLPH CONTRERAS, D.C. BAR #  434122
                                    Assistant United States Attorney

                                          /s/ Michelle N. Johnson
                                    MICHELLE N. JOHNSON, D.C. BAR # 491910
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Civil Division
                                    555 4th Street, N.W. – Room E4212
                                    Washington, D.C. 20530
                                    (202) 514-7139

                                    COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration, was delivered via first class mail, postage pre-paid, to:

>Carl Benit Cooper
>107 Little Joes Lane
>Ponderosa, MHP
>Barco, NH 27917-9526

>  /s/
>MICHELLE N. JOHNSON, D.C. BAR # 491910
>Assistant United States Attorney
>555 4th St., N.W.  Room E4212
>Washington, D.C. 20530
>202-514-7139