UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| CARL B. COOPER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-0961 (PLF) |
| ALBERTO GONZALEZ, *et al*. | ) | |
| Defendants. | ) | |

ORDER

      This matter is before the Court on defendants' motion for reconsideration of this Court's dismissal of his complaint [11]. On October 27, 2006, defendants filed a motion to dismiss the complaint. On December 13, 2006, the Court, as required by Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), directed plaintiff to respond to defendant's motion to dismiss by December 27, 2006. That deadline passed and plaintiff had filed no response. The Court therefore treated the motion to dismiss as conceded and dismissed the complaint on January 5, 2007. The Clerk of the Court received a belated opposition from plaintiff on January 3, 2007, which was docketed on January 10, 2007. To reiterate, that opposition was not received by the deadline ordered by the Court – December 27, 2006.

      As plaintiff seeks relief from a final order and judgment, his motion should be considered under Rule 60(b) of the Federal Rules of Civil Procedure. As for Rule 60(b), it provides in pertinent part that "upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding [where] . . . it is no longer equitable that the judgment should have prospective application; or . . . [for] any other reason

justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). For a judgment to no longer be equitable, one must identify a "significant change in circumstances" justifying modification. Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 383 (1992). Plaintiff has not identified a "significant change in circumstances" and the case that he cites for relief is entirely distinguishable. See Houston v. Lack, 487 U.S. 266, 269 (1988) ("The question we decide in this case is whether under Federal Rule of Appellate Procedure 4(a)(1) [notices of appeal] are considered filed at the moment of delivery to prison authorities for forwarding or at some later point in time."). Mr. Cooper is not contesting the timing of a notice of appeal, nor is he incarcerated. See Complaint at 6.

      Accordingly, it is hereby

      ORDERED that plaintiff's motion for reconsideration [11] is DENIED.

      SO ORDERED.

      ___/s/_____
      PAUL L. FRIEDMAN
      United States District Judge

DATE: February 28, 2007